Ashburn, J.
The questions in this case, for convenience of consideration, will be considered under three general divisions:
1. As to the sufficiency of the petition.
2. Questions upon the admissibility of testimony.
3. Questions arising upon instructions given or refused.
I. The petition is spread at large upon the record, and the issues in the case clearly made by answer and reply. Notwithstanding this, counsel for plaintiff in error, in his argument, asks for a reversal of the judgment on the ground that the petition does not contain facts sufficient to constitute a cause of action. This novel question, made at this stage of the case as an objection, nowhere appears in the record. There was no motion to the form of the petition, nor demurrer to its substance; no motion for' judgment non obstante veredicto, nor in arrest of judgment.
Sec. 89 of the code of civil procedure provides that all the defects enumerated in section 87 will be deemed waived, unless objection be taken by answer or demurrer, “ except only the objection to the jurisdiction of the coui’t, and that the petition does not state facts sufficient to constitute a *138 cause of action.” Wo doubt not that a petition, clearly defective in substance, may be attacked at any time, in some of the modes known to the law. Such objection might, on leave, be put on the record at any time. That it is correct practice to bring it to the notice of a court of last resort, by agreement alone, we doubt. Be this as it may, tbe objection, if properly made here, could not effect a reversal of the case.
The petition is not, perhaps, in the best form for a clear presentation of the facts it contains, and, had a motion been made for that purpose in the trial court, the plaintiffs would probably have been required to separately state and number the causes of action, and in other respects been required to make the petition more definite and certain. There is no doubt but that it contains facts sufficient, if no more, to constitute a good cause of action for the recovery of-the value of plaintiff Is land taken, and by the city appropriated to the use of streets. And a general verdict on a petition containing one sufficient cause of action will support a judgment entered upon such verdict.
II. In the progress of the trial W.- G. Moore, one of the plaintiffs, was called as a witness, and testified he saw a notice published in the Mahoning Register to the effect that the city was about to improve Wood and Liberty streets, .in front of plaintiff’s lots, by grading, and draining the same in pursuance of a' plan and profile on file in the office of the civil engineer, and requiring parties claiming damages, by reason of the proposed improvement, to hie their claims for damages with the clerk of the city, on or before a certain date; and that in pursuance of the published notice he went to the office of the engineer and made an examination of the plan and profile, but was unable to learn therefrom what was to be done in front of plaintiff’s lots. Thereupon his counsel asked him this question :
“ What did James M. Reno, the city engineer, then say to you in explanation of said profile, as to the amount of cutting to be done in front of your sa-id lots ? ” to which *139 question the defendant objected, but the court overruled its objection and permitted witness to answer, who did so as follows: “ I inquired of him in regard to it, and he told me that not more than two feet cut would be made in front of my premises;” to which answer defendant objected, but the court overruled its objection.
This ruling of the court is assigned for error.
We have not been able to see any substantial reason why this question and answer were not competent, and none is set out in the record. Counsel urge that the engineer was not placed in his office for the purpose of explaining things which had become matters of record. The city had charged him, under the law, with the duty of making a plan and profile of the proposed improvement, had placed them on file in his office for inspection, and had published a notice inviting all persons interested in property abutting on the streets to be improved to call and examine them, with a view to their filing claims for damages. Moore, seeing by the notice that the streets bounding his lots were to be improved, went to the proper place, made the examination, and, from some cause, could not obtain from the plan and profile the desired and necessary information. It was the duty of the city to have such a plan and profile, on file as would-readily advise all persons interested, of the extent the proposed improvement would affect each abutting lot. If the plan and profile failed to give such information, or gave it in such a way as required one skilled in such work to understand them, then it was competent for Moore to do as he did, turn to the agent of the city and seek from him the necessary explanation or information, and it was competent for the engineer to speak, in behalf of the city in giving the necessary information. The city could not be prejudiced in giving necessary information to one of its citizens through its agent. The plan and profile are not brought into this record, and this court can not say from inspection what information they would give on examining them, but we have the testimony of the witness,' that they did not furnish him the information necessary to. *140 enable Mm to protect Ms rights. As the answer of the engineer was competent evidence, and Moore being advised thereby that the cut in front of plaintiff’s premises would be but two feet deep, he waived all claim for damages arising from an improvement cutting only to the depth of two feet iu front of plaintiff’s premises. But for this, he would have filed a claim for damages, we may readily infer.
This witness also testified that while defendant was engaged in making the improvements upon the streets, that Reno pulled up the old grade stakes and drove down new ones, and thereupon counsel for said plaintiff's put to witness the following question: “ "What did James M. Reno, at this time, say to you as to a change of grade having been made on Wood street, in front of your premises?” to which question defendant objected, but the court overruled its objection, and permitted witness to answer the question, who did so as follows : “ Mr. Peno" told me that they had made a change in the grade of the street,” to which answer defendant objected,.but the court overruled its objection.
It is claimed this action of the court was error, because it was matter of record. Whether it was or was not matter of record, the record in this ease does not show. Even if it was, we are unable to see, in the light of the facts of the case, how the answer could operate to the prejudice of the city. I think the question and answer were competent. On improvements involving cuts and fills, grade stakes indicate the depth of cut or fill at the point where planted. The marks upon them speak a language alike understood by the engineer and the common laborer who can read. They are prepared and placed by the engineer, or by some one under his direction. It was no more prejudicial to the rights of plaintiff' iu error for the engineer to speak of a change of grade with his vocal organs than with the grade stakes. And we have wholly failed to discover in what respect either would work prejudice to the rights of the city.
*141 III. Plaintiff in error claims that where the nature and extent of the improvements of a street in a city have not been defined or indicated by such city, abutting proprietors must, at their own peril, improve their lots with reference to such future improvements upon the streets as may be made and adopted by the city, acting within the scope of its municipal authority. And in view of this proposition, it is claimed the court erred in refusing to give the instruction as requested, and also erred in giving the instruction as modified.
The charge, as asked and refused, and as qualified when given, appears on the record, as follows :
“ That if the jury find from the evidence that said lots, mentioned and described in said petition, were inside the limits of the then incorporated village — now city — of Youngstown, at the time plaintiffs purchased the same, and at the time plaintiffs built said house and said barn, and made said other improvements upon said lots, and that at the time said house and said barn were built and said other improvements -were made upon said lots, the grade of the streets in front thereof was not established, and that nothing had been done at said time, either by said village or said city, to indicate what the grade of said streets in front of said lots might be, and that the grade of said streets in front of said lots, subsequently established, is reasonable and proper, and that said improvements upon said streets, in front of said lots, were made by said village arid city while acting within the scope of their municipal authority; said plaintiffs are not entitled to anything on account of damages resulting to said lots by reason of said improvements upon said streets in front thereof,” which charge, as asked, the court refused to give, but did give said charge as above set forth, with this preface, viz : “ The defendant claims that the plaintiffs can not recover for the injury to their premises, for the reason that in making their improvements they failed to exercise ordinary care and judgment to anticipate the future reasonable aud proper grade of the streets — and we say to you, that if you find that the plaint *142 iff's were thus negligent in that respect, then they ought not to recover. And we say that this would be a correct rule if you also find that the plaintiff's were guilty of negligence in making the improvements and erecting the buildings upon the lots, in not exercising' ordinary care, judgment, and discretion to anticipate such subsequent actual grade, and building and improving with reference thereto.’-
To this charge, as qualified, the city excepted.
The main question in this case has never been directly adjudicated iñ this state. No case, founded on facts such as are in this case, has ever come before the Supreme Court for decision, so far as we have been able to discover. The case of Crawford v. Village of Delaware, 7 Ohio St. 460, approaches the nearest. The principles held in the case of City of Cincinnati v. Penny, 21 Ohio St. 499, are sound, as based on the facts and circumstances of that case, which are, in many respects, unlike the one under consideration. The judge delivering the opinion in that case says, in stating the rule in the form ho does: “We have no disposition to depart from the line of decisions formerly made by this court upon this subject. . . . We believe the principles established by our former cases to be most just and equitable.” We have endeavored to make the principles underlying the former decisions of the Supreme Court on this question our guide. We will look to two or three former decided cases to ascertain what principles have been so equitably established.
Rhodes v. The City of Cleveland, 10 Ohio, 160, was an action on the case against the municipal corporation to recover damages for cutting ditches and watercourses so that the overflow washed away plaintiff’s land. On the trial, the court charged the jury that plaintiff" could not sustain his action unless he showed the defendant acted either illegally, or acting within the scope of its authority, acted maliciously. This instruction was held to be erroneous. The principle announced in the case is, “ Corporations are ^able, like individuals, for injuries done, although the act done was not beyond their lawful power.”
*143 Lane, C. J.,
in the opinion says : “If a corporation acting within the scope of its authority, should work wrong to another, the same principle of ethics demands of them to repair it, and no reason occurs to the court why the same remedy should not be applied to compel justice from them.” And after speaking of the cases reported in 4 Ohio, 500; 4 Ohio, 514; 7 Ohio, 562; 8 Ohio, 543, and distinguishing them, he says: “ Upon the whole, then, we believe that justice and good morals require that a corporation should repair a consequential injury, which ensues from the exercise of its functions, and that if we go further than adjudicated cases have yet gone, we do not transcend the line to which we are conducted by acknowledged principles.”
McCombs v. Akron, 15 Ohio, 475, was a case in which a municipal corporation was held liable for injuries resulting from a change of grade of a street impairing access to a building erected on an abutting lot.
Reed, J.,
in his opinion approves the doctrine in Rhodes v. The City of Cleveland, in strong terms. He says : “ The late Chief Justice, in the same case, manfully asserts the freedom of judicial action ... in following out incontestable principles.” Again: “We recognize the doctrine of that case, as laid down by this court, as founded on the most solid reason, right, and morals. . . . There is another reason: If a municipal corporation, for the good of all within its limits, sees proper to cut down a street, it is nothing more than right that an injury then done to a single individual should be shared by all.” It is indispensible'that a municipal corporation should have power for the regulation of its streets, and in the exercise of such power, injury to private property, amounting,' perhaps, to its destruction, may be unavoidable. But where the public interest requires the sacrifice of private property, a very clear principle of justice requires that a just compensation be given to the injured citizen, 18 .Ohio, 232.
In Crawford v. The Village of Delaware, 7 Ohio St. 460, the *144 principle of law embodied in tbe charge to the jury in this case was recognized. It was held: “ The owners of lots upon a street, the grade of which has not been established, must use reasonable care and judgment in making improvements, with a view to a reasonable and proper grade, and the town or city will not be responsible for injuries to such improvements by afterward grading the street, if the grade, by ordinary care, could have been anticipated.”
Swan, J.,
who delivered the opinion, after considering the property rights of abutting lot owners in the adjacent street, says: “ But while we recognize the right of property in a street as incident to an adjacent lot, we must also recognize the right of the public to grade and improve the street; the question, therefore, is, under what circumstances and to what extent must private right yield to the public ?
“We hold that the owner of a lot upon a street, the grade of which has not been established, must use reasonable care and judgment in making his improvements, with reference to the right possessed by the corporation to make a reasonable and proper grade; for if, by ordinary care and discretion, the grade could have been anticipated, the owner of the lot can not make the corporation responsible for his own carelessness and indiscretion.”
A few admitted facts will tend to show the relations of this case to the law. In 1828, whilst the city of Youngstown was a village, Holmes’ road was established a public highway. It bounded plaintiffs’ lots on the south and west. Holmes’ road was laid out and established sixty feet wide. In the course of time Holmes’ road was named "Wood street and Liberty street, and remained but sixty feet in width until this improvement was made in 1870. Plaintiffs acquired ownership of their lots in 1832, as then bounded by Holmes’ road. They, about that time, built on one of their lots a dwelling-house, barn, etc., and otherwise made improvements. Plaintiffs claim that the city increased 'the width of Wood and Liberty street in 1870, by taking *145 a portion of their lots and appropriating the same to the-streets ; cnt the grade before their lots ■ to a great depth,, destroyed a portion of their property, and injured the residue.
In view of these facts in the light of adjudicated cases-in this state, the law is clear. 'Where the corporation fails,, or neglects to fix any grade, and none is established for a street save that of a county road, and the lot owner improves his lot with reference to the then state of the road, and street as used and kept in repair by the village or city in front of his lots, and is guilty of no negligence, but uses-ordinary discretion, care and judgment in making his improvements, having reference to the probable future improvements and street grades of the village or city, and. with reference also to the right of the municipal authorities to make reasonable and proper grade for the street,, and he is afterward injured by a grade caused to be made-by the village or city authorities, he will be entitled to receive a just compensation for the injury so sustained, even. though the grade that causes the injury is a reasonable aud. proper one.
The converse of this principle is true. If, when he-made his improvements, he was careless, and, for want of proper care, discretion and a judicious exercise ofjudgment in placing his improvements, he is injured by a grade made-in the proper exercise of corporate power, he can not recover for such injury.
The court further charged the jury as follows: “ If you. find from the evidence that the city has appropriated any part of the plaintiff’s premises and incorporated it into the streets, then determine from the evidence what damages the plaintiffs have sustained by reason thereof; the value of the land so taken and incorporated into the streets, and made and occupied and used as a part thereof, at the time it was done, namely, in 1870, would be the measure of damages in that behalf. Should you find for the plaintiffs,, upon this branch of the case, that is, that the defendant *146 -did enter upon and grade down and appropriate a part of tbe plaintiffs’ land, then your verdict will be in favor of the plaintiffs for such amount of damages as you shall find they actually sustained thereby. Should you find that the •defendant entered upon and cut down or graded a part of the plaintiffs’ premises, but did not, nor have used or occupied the same as a part of the street, or incorporated the ••same within its lines, then damages should be given for the injury thus occasioned, but not to include the value of any land except such as has been taken from the plaintiffs ■and included in the street.” . To which charge said defendant excepted.
Ve see no valid objection to this charge. Sec. 19 of the bill of rights asserts the land owner’s right to compensation., when private property is taken for such public use, the amount thereof to be assessed by a jury. As we understand the charge, it is in,conformity to law. The jury was told, in a manner not to mislead, if they found from the evidence that the city had appropriated to and within the bounds of the streets part of plaintiffs’ premises, the jury should assess such damages as they should find plaintiffs had sustained from such appropriation. This was substantially charging the jury to give plaintiffs the value of their land appropriated by the city. But if the jury found that no part of plaintiff’s land had been incorporated by the city into and made to form part of the streets, the value of the land should form no part of the damages.

Judgment affirmed, without penalty.